UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CRAWFORD & COMPANY,
            *Plaintiff-Appellant,*

v.

M. HAYES & ASSOCIATES, L.L.C.;
MELINDA L. HAYES,
            *Defendants-Appellees,*

and

HARVEY A. BRONSTEIN; RITA F.
CLINTON; NINA A. MECKEL,
            *Defendants.*

No. 00-2574

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-321-JFM)

Argued: June 4, 2001

Decided: July 10, 2001

Before WILKINSON, Chief Judge, KING, Circuit Judge, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Ralph Bennett Levy, KING & SPALDING, Atlanta, Georgia, for Appellant. Jeffrey Louis Forman, KAUFFMAN & FOR-

MAN, P.A., Towson, Maryland, for Appellees. **ON BRIEF:** Craig M. Wolff, KING & SPALDING, Washington, D.C., for Appellant. Bruce E. Kauffman, KAUFFMAN & FORMAN, P.A., Towson, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Crawford & Company ("Crawford") timely appeals the district court's judgment, following a bench trial, in favor of M. Hayes & Associates, L.L.C., on its breach of loyalty claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Melinda Hayes was employed by Crawford, a national provider of risk and claims management services, as a branch manager in Crawford's Baltimore office. In July 1998, while still employed with the company, she told subordinate mid-level managers at Crawford, as well as the branch's marketing representative, that she was considering leaving the company to establish a competing business. She brought a team of six supervisors (Crawford mid-level managers) together to assist her in forming the new company, "M. Hayes & Associates, L.L.C." The new company commenced operations the first business day after the effective date of Hayes' resignation.

Crawford subsequently filed a complaint, alleging, inter alia, that Hayes breached her fiduciary duty of loyalty to Crawford by competing with Crawford for key employees. After a two-day bench trial, the district court issued an oral opinion in favor of Hayes. The court held that Hayes did not breach any fiduciary duty of loyalty by recruiting the mid-level managers that formed her team of supervisors.

Crawford timely appeals this judgment. Crawford contends that the district court erred in holding that Hayes did not breach her fiduciary

duty of loyalty to Crawford when she actively recruited subordinate managers to form a competing company. Crawford does not challenge the court's factual findings.

While still a Crawford employee, Hayes had a fiduciary duty of loyalty to Crawford that required her to "refrain from actively and directly competing with [Crawford] for . . . employees, and . . . continue to exert h[er] best efforts on behalf of h[er] employer." *Maryland Metals v. Metzner*, 382 A.2d 564, 568 (Md. 1978). Hayes could, however, "prepare or make arrangements to compete with [Crawford] prior to leaving the employ of [her] prospective rival[ ]" without breaching such duty. *Id.* at 569.

Hayes' preparation would rise to the level of a breach of fiduciary duty if she "committed some fraudulent, unfair or wrongful act in the course of preparing to compete in the future." *Id.* Such a breach would occur, for example, if she conspired "to bring about mass resignation of [Crawford's] key employees." *Id.* (citing *Duane Jones Co. v. Burke*, 117 N.E.2d 237, 245 (N.Y. 1954) (finding breach where subordinate employees and customers were recruited prior to resignation)). If Hayes did no more than unite a group of employees contemplating future competition with Crawford, however, no such breach occurred. *See id.*; Restatement (Second) of Agency § 393 cmt. e ("[I]t is normally permissible for employees of a firm, or for some of its partners, to agree among themselves, while still employed, that they will engage in competition with the firm at the end of the period specified in their employment contracts."), *cited in Maryland Metals*, 382 A.2d at 569 n.3.

Although Hayes was obligated to be candid with Crawford "in preparing to establish a competing enterprise," liability for breach of fiduciary duty is not predicated upon her failure to make full disclosure, but rather "upon 'some particular circumstance which rendered the nondisclosure harmful to [Crawford] or upon [Hayes'] wrongful conduct apart from the omission.'" *Maryland Metals*, 382 A.2d at 570 n.4 (quoting *Bancroft-Whitney Co. v. Glen*, 411 P.2d 921, 935-36 (Ca. 1966)). Indeed, Hayes was only bound "to reveal the precise nature of h[er] plans to [Crawford if s]he acted inimically to [Crawford's] interest beyond the mere failure to disclose." *Id.* at 573.

The district court correctly concluded that Hayes did not breach any fiduciary duty by recruiting the mid-level managers who formed her team of supervisors. It based this conclusion on the fact that Hayes worked as a team with the other departing managers in forming the competing business; Crawford was aware of the possibility that Hayes might resign and form such a business; Hayes did not take any corporate opportunities for herself; and she continued to perform her job as Crawford's branch manager in a satisfactory manner up until the day she resigned. Hayes did not engage in any "unfair, fraudulent or wrongful conduct . . . which impacted on the economic interest of [Crawford] in some detrimental fashion," sufficient to constitute a breach of fiduciary duty; nor did Hayes act "inimically to [Crawford's] interest." *Id.* at 571, 573.

We affirm the judgment of the district court.

*AFFIRMED*